UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEITH ALLEN WARREN,

                             Plaintiff,

    v.

DESIREE HULTENSCHMIDT, et al.,

                         Defendants.

Case No. 3:23-cv-00543-ART-CLB

Order Dismissing Complaint Without Prejudice and With Leave to Amend

## I.    SUMMARY

*Pro se* Plaintiff Keith Allen Warren, who is in the custody of the Nevada Department of Corrections ("NDOC"), submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and filed an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1.) The matter of the filing fee will remain temporarily deferred. Plaintiff then filed a First Amended Complaint ("FAC"), which the Court screened and dismissed with leave to file an amended complaint. (ECF No. 9.) Plaintiff has filed a Second Amended Complaint ("SAC"), which is now the operative complaint. (ECF No. 11.)[1] The Court, therefore, screens the SAC under 28 U.S.C. § 1915A. He has also filed a motion for leave to file excess pages and a motion for appointment of counsel, which the Court will address. (ECF Nos. 12-13.)

## II.    SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.*

---

[1] "As a general rule, when a plaintiff files an amended complaint, "[t]he amended complaint super[s]edes the original, [and the original is] treated thereafter as non-existent." *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (internal quotation omitted).

§§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than

formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## III.    SCREENING OF COMPLAINT

In the SAC, Plaintiff sues 52 Defendants for several different incidents involving medical care or lack thereof for issues including hernias, eyeglasses, and a swollen ankle, as well as for issues related to the grievance and medical kite systems. (ECF No. 11 at 2-14.) Plaintiff has obviously made some effort to

1    comply with the Court's previous order to file a shorter complaint that briefly and

2    plainly states the factual allegations. At 119 pages, the SAC is slightly shorter

3    than the FAC, and Plaintiff has included line numbers on the pages. But the

4    writing is still miniscule and almost entirely on un-lined paper.

5        The Court dismissed the FAC without prejudice and with leave to amend

6    because it failed to comply with District of Nevada General Order No. 2021-05.

7    General Order No. 2021-05, which applies to *pro se* civil rights complaints filed

8    by inmates, provides that a complaint or amended complaint may not exceed 30

9    pages. It further states that if a plaintiff believes that he needs more than 30

10   pages, he must file a motion seeking permission to exceed the page limit, and

11   the motion itself may not exceed 3 pages. The General Order also notes that

12   "[t]he Court looks with disfavor on motions to exceed page limits, so permission

13   to do so will not be routinely granted."

14       The Complaint is 119 pages long. Plaintiff did file a second motion seeking

15   permission to exceed the 30-page limit for a complaint. However, the Court denies

16   the motion again because the complaint remains grossly overlong and barely

17   legible. The form complaint instructs that a plaintiff is to "State as briefly as

18   possible the FACTS supporting" each claim. (*See, e.g.,* ECF No. 11 at 17.) The

19   instructions also direct a plaintiff to "state the facts clearly in your own words

20   without citing legal authority or argument." (*Id.*) But it appears that here Plaintiff

21   has included long recitations of day-by-day allegations spanning three years or

22   more in minute detail as well as lengthy descriptions of his own research related

23   to his medical concerns. He also sets forth lengthy quotations, apparently relating

24   parts of or full grievances, including his request and the response. It appears that

25   he has once again included recitations of NDOC medical directives,

26   administrative regulations, and operational procedures. As the Court previously

27   advised, these should not be included and serve only to make it essentially

28   impossible to identify whether Plaintiff sets forth brief factual allegations to

support any of his claims. Accordingly, the Court dismisses the Second Amended Complaint without prejudice and with leave to amend. Any third amended complaint must comply with the 30-page limit or be accompanied by a motion seeking permission to exceed the page limit. **Again, the Court is highly unlikely to grant permission for Plaintiff to exceed the page limit beyond a few pages**.

### A. Motion for Appointment of Counsel

With the SAC, Plaintiff also filed a 46-page motion for appointment of counsel. (ECF No. 13.) The motion explains that another inmate drafted the FAC and now the SAC as well as the motion for counsel. That inmate assistant states that he will soon be paroled. The inmate assistant argues that Plaintiff needs counsel because he has substantial medical issues involving "multiple levels of evidence and argument." (*Id.* at 1.) He also argues that Plaintiff suffers from depression and post-traumatic stress syndrome. A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

Here, the inmate assistant includes about 30 pages of what appear to be progress notes of NDOC medical personnel that indicate that Plaintiff received medication and counseling after a 2015 incident in which he was stabbed by other inmates. (*Id.* at 4-32.) While the records reflect that Plaintiff suffered traumatic memories and nightmares after the attack, medical personnel also

1    indicated that Plaintiff was alert, fully oriented, and that his thought process was

2    clear, coherent, and logical. Nothing in the records suggests that Plaintiff is

3    mentally incapable of preparing his own complaint. The inmate assistant also

4    states in the motion that Plaintiff has some problems with blurry vision. The

5    medical notes indicate that Plaintiff discussed his legal proceedings with the

6    medical personnel, including his review of discovery and his making lists of pros

7    and cons surrounding the litigation. While not dispositive, nothing in the

8    included records indicates that Plaintiff may have significantly impaired vision.

9    The Court has no reason not to think that Plaintiff may in fact do a more effective

10   job of briefly setting forth the specific facts that support his claims. The Court

11   does not find exceptional circumstances that warrant the appointment of counsel

12   at this time. The Court denies the motion for appointment of counsel without

13   prejudice.

14   **B. FRCP 8, 10, 18, 20**

15   The Court now advises Plaintiff again of the following requirements under

16   the Federal Rules of Civil Procedure ("FRCP") or the District of Nevada's Local

17   Rules of Practice in order to facilitate the filing of a properly formatted amended

18   complaint. Plaintiff is advised that the failure to comply with these rules when

19   drafting and filing his amended complaint may result in this action being

20   dismissed.

21   **1. Rules 8 and 10**

22   Plaintiff's third amended complaint must contain "a short and plain

23   statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P.

24   8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P.

25   8(d)(1). A district court has the power to dismiss a complaint when a plaintiff fails

26   to comply with Rule 8. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996);

27   *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981). If the factual

28   elements of a cause of action are not organized into a short and plain statement

of a particular claim, a district court may dismiss for failure to comply with Rule 8. *Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). Under Rule 8, a plaintiff may not allege extraneous facts that are not part of the factual basis for a particular claim. *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (recognizing that Rule 8 is violated when a plaintiff pleads too much); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that the complaint "does not need detailed factual allegations" but requires more "than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action").

Additionally, a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.* If Plaintiff wishes to amend his SAC, he must set forth his claims in a simple, concise, and direct manner in order to meet the requirements of Rule 8.

### 2. Rules 18 and 20

A basic lawsuit is a single claim against a single defendant. Rule 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Rule 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner"). These rules are not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that inmates pay the required

filing fees for their lawsuits and prevent inmates from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

The Court cannot discern from the barely-legible, extremely lengthy SAC whether Plaintiff brings different claims against multiple prison officials that are unrelated and cannot proceed in one single action. The Court advises Plaintiff that each claim that is raised in any third amended complaint must be permitted by either Rule 18 or Rule 20. Plaintiff may state a single claim against a single defendant. Plaintiff may then add any additional claims to his action that are against the same defendant under Rule 18. Plaintiff may also add any additional claims against other defendants if those claims arise from the same transaction, occurrence, or series of transactions as his original claim. Fed. R. Civ. P. 20(a)(2). Any attempt to join claims that are not permitted by the FRCP will result in those claims being dismissed as improperly joined.

Claims may not be joined merely because they occurred in the same prison, the violators had the same supervisor, or the claims are based on the same type of constitutional violation. Plaintiff may not evade these requirements merely by alleging that he told the same person about them or by making conclusory allegations that all the defendants are engaging in a conspiracy or campaign of harassment. Plaintiff also may not evade these requirements by including multiple causes of action in a part of the complaint form reserved for one claim.

### C. Local Rules of Practice

Plaintiff must also follow the District of Nevada's Local Rules of Practice. Nevada Local Rule of Practice IA 10-1(a)(1)-(3) provides that a filed document cannot contain more than 28 lines of text per page, the text size must be size 12 font or larger; and handwriting must be legible.

The Court acknowledges that Plaintiff, apparently through his inmate assistant, has made an effort to comply with these provisions. While the SAC is

1  still difficult to read, Plaintiff has numbered the lines and included 28 lines of

2  text per page.

3  **IV**. **LEAVE TO AMEND**

4      Plaintiff is granted leave to file a third amended complaint to cure the

5  deficiencies of the complaint. If Plaintiff chooses to file an amended complaint, he

6  is reminded that an amended complaint supersedes (replaces) the second

7  amended complaint and, thus, the amended complaint must be complete in itself.

8  *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546

9  (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original

10  complaint is irrelevant; an amended pleading supersedes the original"); *see also*

11  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for

12  claims dismissed with prejudice, a plaintiff is not required to reallege such claims

13  in a subsequent amended complaint to preserve them for appeal). Plaintiff's

14  amended complaint must contain all claims, defendants, and factual allegations

15  that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff should file the

16  amended complaint on this Court's approved prisoner civil rights form, it must

17  be entitled "Third Amended Complaint," and he must try to keep to the page limits

18  provided on the form.

19      The Court notes that if Plaintiff chooses to file an amended complaint

20  curing the deficiencies, as outlined in this order, Plaintiff will file the amended

21  complaint within 30 days from the date of entry of this order. If Plaintiff chooses

22  not to file an amended complaint curing the stated deficiencies, this action will

23  be dismissed without prejudice.

24  **V. CONCLUSION**

25      For the foregoing reasons, it is ordered that a decision on the application

26  to proceed *in forma pauperis* (ECF No. 1) is deferred.

27      It is further ordered that Plaintiff's motion for appointment of counsel (ECF

28  No. 13) is denied without prejudice.

It is further ordered that the Clerk of Court send Plaintiff a courtesy copy of the Second Amended Complaint (ECF No. 11.) This is the operative complaint.

It is further ordered that Plaintiff's motion for leave to file a complaint that exceeds the page limit (ECF No. 12) is denied.

It is further ordered that the Second Amended Complaint is dismissed without prejudice and with leave to amend.

It is further ordered that, if Plaintiff chooses to file a third amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff will file the second amended complaint within 30 days from the date of entry of this order.

It is further ordered that the Clerk send to Plaintiff the approved form for filing a § 1983 complaint and instructions for the same. If Plaintiff chooses to file an amended complaint, he should use the approved form and he will write the words "Third Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that the Clerk send to Plaintiff a copy of the District of Nevada General Order No. 2021-05.

It is further ordered that, if Plaintiff chooses to file a third amended complaint, the Court will screen the amended complaint in a separate screening order. The screening process will take several months.

It is further ordered that, if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, this action will be dismissed without prejudice.

Dated this 23rd day of December 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE