UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| KEITH ALLEN WARREN, | Case No. 3:23-cv-00543-ART-CLB |
|---|---|
| Plaintiff, | Order Granting Motion for Reconsideration, Denying Motion for Docket Sheet as Moot |
| v. | |
| DESIREE HULTENSCHMIDT, et al., | (ECF Nos. 31, 34) |
| Defendants. | |

The Court screened *pro se* Plaintiff Keith Allen Warren's third amended civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 32.) The Court concluded that Warren stated some colorable claims and dismissed two claims. Warren has filed a motion for reconsideration. (ECF No. 34.)

Generally, a motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

Here, the Court dismissed Claim 4—a claim about filing grievances and Claim 6—a claim about medical treatment for his arm. (ECF No. 32.) Other medical claims and a retaliation claim were allowed to proceed against specific Defendants. The Court dismissed the two claims with prejudice and without leave to amend because Warren had already been given three opportunities to amend

1

his claims. Here, Warren does not challenge the dismissal of Claims 4 and 6 from this civil rights action. (ECF No. 34.) He asks only that the Court dismiss the claims without prejudice in order that he may, if necessary, pursue claims later in a separate civil rights complaint or complaints. The Court grants this limited reconsideration. Claims 4 and 6 are dismissed without prejudice. Warren may raise those claims in a separate complaint in a new case with a separate filing fee that would be subject to screening by the Court.

Next, Warren filed what he styled as a motion for civil docket sheet. (ECF No. 31.) His filing actually inquired about the cost to get a copy of the docket sheet. The Court filed a minute order instructing Warren on the cost and procedure to get a copy of the docket sheet. (ECF No. 36.) So the Court denies the motion as moot.

It is therefore ordered that Petitioner's motion for limited reconsideration (ECF No. 34) is granted as set forth in this order. The Court dismisses Claim 4 and Claim 6 from this complaint without prejudice to Petitioner's ability to raise the claims in a separate complaint filed in a new case.

It is further ordered that Petitioner's motion for civil docket sheet (ECF No. 31) is denied as moot.

Dated this 14th day of April 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE